UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:20 CR 392 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CHARLES VACCARO, *et al.*, | ) ) | |
| Defendants | ) ) | ORDER |

Currently pending before the court in the above-captioned case are Defendant Charles Vaccaro's Motion to Transfer (ECF No. 337), Defendant Gary Berlly's Motion to Sever (ECF No. 338), and Berlly's Motion to Dismiss (ECF No. 339). For the reasons that follow, the court denies all three Motions.

## I. BACKGROUND

The Superseding Indictment (ECF No. 78) in this case charged six Defendants with a host of crimes related to an alleged conspiracy to commit securities fraud. Three Defendants—Charles Vaccaro, Dennis Ruggeri, and Gary Berlly—are preparing for trial, which is scheduled to begin on September 30, 2024. (ECF No. 328.) Approximately two months ago, Vaccaro and Berlly filed the three Motions pending before the court. Those Motions are now fully briefed and ripe for adjudication.

## II. DISCUSSION

### A.  Vaccaro's Motion to Transfer

Vaccaro seeks transfer to the Southern District of Florida. He argues that such a transfer is warranted under Federal Rule of Criminal Procedure 21(b), which empowers the court to "transfer

the proceeding . . . against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." As Rule 21(d) makes clear, however, the time for Vaccaro to file this motion was "at or before arraignment or at any other time the court or these rules prescribe." The court did not, in any of its pretrial orders, indicate that Vaccaro might file such a motion at this late date, nor does Vaccaro point to anything in the Rules that so allows. Vaccaro's arraignment was held on July 30, 2020, and he did not move to transfer until May 10, 2024—nearly four years later.

Apart from whether the Motion to Transfer was timely filed, it should be denied on the merits. To reiterate, it has been almost four years since Vaccaro was arraigned and more than three years since the Superseding Indictment was filed. Discovery in this case is now complete, and trial is fast approaching. Plus, now that Vaccaro has been declared indigent, his expenses for standing trial in the Northern District of Ohio will be defrayed up to the allotted per diem. And Vaccaro makes no assertion that he does not have available to him all that he needs to try his case here.

Accordingly, Vaccaro's Motion to Transfer is hereby denied.

**B.**     **Berlly's Motion to Sever**

Berlly moves to sever his trial from that of his codefendants. The court "may" grant Berlly's request "[i]f the joinder of offenses or defendants in [the] indictment . . . appears to prejudice" him. Fed. R. Crim. P. 14(a). That said, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). To overcome this preference, Berlly faces a "heavy burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial." *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990). By contrast, mere "generalized concerns" are insufficient to warrant severance. *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019).

Yet in his Motion to Sever, Berlly raises only generalized concerns. He fears exposure to "spillover prejudice," for example, but he bases this fear on nothing more than the fact that the

government charged him "in only a single count of the indictment" and did not mention him "nearly as much as the other defendants" within that count. (ECF No. 338 at PageID 9631.) This is not, suffice it to say, a "factually specific and compelling" showing of prejudice. *Moore*, 917 F.2d at 221. And although Berlly claims that the jury "will hear little about Mr. Berlly because the alleged evidence against him is slight," (ECF No. 338 at PageID 9631), "severance is not required" just "because the proof may be stronger against one defendant than another." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006). If in fact the case against Berlly is as slight as he contends, it might be to his advantage to have a jury see the case against him in comparison to that against his co-defendants.

As a final point, even if Berlly had established a factually specific and compelling showing of prejudice, he fails to explain why "less drastic measures, such as limiting instructions" would not "suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Absent such an explanation, the court is satisfied that a limiting instruction will be sufficient, given that "[j]uries are presumed to be capable of following instructions . . . regarding the sorting of evidence and the separate consideration of multiple defendants." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002).

### C. Berlly's Motion to Dismiss

Berlly also moves to dismiss the charge against him—conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371—for improper venue. For venue to be proper, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18; *see also* U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI. Where an "offense against the United States" is "committed in more than one district," the government may prosecute that offense "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. And in conspiracy cases such as this one, venue is proper "in any district where an overt act in furtherance of the conspiracy was performed." *United States v. Scaife*, 749 F.2d 338, 346

(6th Cir. 1984). That is so regardless of whether the "conspiracy defendant" physically "entered the district." *Id.*

Presuming the facts alleged in the Superseding Indictment to be true, as the court must, *see Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952), that standard is met here. To wit, the government alleges that Berlly's co-conspirators directed an undercover agent in the Northern District of Ohio to initiate several wire transfers integral to the charged conspiracy. (ECF No. 78 at PageID 510.) Because these wire transfers qualify as "overt act[s] in furtherance of the conspiracy," *Scaife*, 749 F.2d at 346, Berlly's venue challenge fails; the government may prosecute him in the Northern District of Ohio for his role in the alleged conspiracy.

It is true, as Berlly points out, that "[g]overnment agents cannot be conspirators, and thus their actions *alone* cannot establish venue." *United States v. Guerrero*, 76 F.4th 519, 528 (6th Cir. 2023) (emphasis added). But *Guerrero* only bolsters the conclusion that venue is proper here. In that case, the Sixth Circuit held that "phone communications, made in furtherance of a conspiracy, from a conspirator to a government agent located in a district 'take place' in that district and so establish venue there as to any co-conspirator." *Id.* at 529. By the same token, Berlly's co-conspirator's contact with a government agent—who was located in the Northern District of Ohio—furthered the alleged conspiracy in this case, making venue proper in the Northern District of Ohio.

Finally, Berlly's reliance on the so-called "substantial contacts test" is misplaced. *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir. 1986). The Sixth Circuit generally uses this test to determine the propriety of venue in a given district for crimes involving a defendant's actions across multiple districts. *Id.* at 1215–16. In the conspiracy context, however, the substantial contacts test yields to the specific rule that (to reiterate) venue is proper "in any district where an overt act in furtherance of the conspiracy was performed." *Scaife*, 749 F.2d at 346. Because that rule has been satisfied, Berlly is not entitled to dismissal.

## III. CONCLUSION

For the foregoing reasons, the court denies Vaccaro's Motion to Transfer (ECF No. 337), Berlly's Motion to Sever (ECF No. 338), and Berlly's Motion to Dismiss (ECF No. 339).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 24, 2024